# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAWRENCE BARRA,<br><br>    Plaintiff,<br><br>    v.<br><br>BOUDREAUX, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00966-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 8)<br><br>**FOURTEEN (14) DEADLINE** |

Plaintiff Anthony Lawrence Barra ("Plaintiff") is a state prisoner and former county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 8.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.  Plaintiff's Allegations

Plaintiff is currently housed at Mule Creek State Prison in Ione, California.  Plaintiff alleges the events in the complaint occurred while he was housed as a pretrial detainee at the Bob Wiley Detention Facility in Visalia, California.  Plaintiff names as defendants: (1) Chaplin May, Bob Wiley's pastor and (2) Sgt. West.  Plaintiff alleges as follows.

On 8/31/23, Chaplin May came to unit 31 at Bob Wiley's Detention facility in Visalia, California, and Plaintiff asked to have a satanic bible and a religious pentagram which Plaintiff uses to perform his prayers of the left hand path.  Caplin Mays told Plaintiff "I won't give you anything as it is against my religion."  He is supposed to do his job as unprejudiced/unbiased.  So I asked Sgt. West if Plaintiff could get his religious stuff through an approved vendor.  He said yes, I do not see a problem with that.  Plaintiff had his Aunt Cassie order through the approved vendor.  Plaintiff never received the order.

So Plaintiff made a shrine for his pentagram and an altar.  Plaintiff had his aunt mail him a print out of a part of the satanic bible.  On 9/15/23, "they" conducted a cell search featuring Sgt. West and deputy Garcia.  They desecrated Plaintiff's shrine and threw away his print out of his bible and the pentagram.  They told him to stop this satanic shit and find a real God.  The Chaplin

2

then gave Plaintiff a Wiccan bible stating "this is it don't contact me no more." He even called Plaintiff a crazy inmate to Sgt West. A denial of a satanic bible burdens Plaintiff's ability to practice his Luciferian religion as his prayers and chants are in there. He wants the right to practice his religion like everyone else.

Plaintiff seeks declaratory relief, injunctive relief, and monetary damages.

**II.     Discussion**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

**First Amendment Free Exercise of Religion**

A plaintiff asserting a free exercise claim must show that the defendant's actions substantially burden his practice of religion. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden ... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013) (quoting *Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter*, 456 F.3d 978, 988 (9th Cir. 2006) (internal quotation marks and alterations omitted)) (internal quotation marks and citations omitted). "[A] prison policy that intentionally puts significant pressure on inmates ... to abandon their religious beliefs ... imposes a substantial burden on [the inmate's] religious practice." *Shakur v. Schriro*, 514 F.3d 878, 889 (9th Cir. 2008) (internal quotation marks and citation omitted). To assert a Free Exercise claim, an incarcerated individual must show he has a sincerely held religious belief that was impinged upon by government action. *Fuqua v. Raak*, 120 F.4th 1346, 1352 (9th Cir. 2024) (citing *Jones v. Slade*, 23 F.4th 1124, 1144 (9th Cir. 2022)). However, the court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and valid penological objectives. *See McElyea v. Babbit*, 833 F.2d 196, 197 (9th Cir. 1987).

Plaintiff does not specify in what way denial of a Satanic Bible burdens his ability to practice his religion, nor has he done so through the prior pleadings filed in this case. Plaintiff does not explain how denying him the bible coerced him into acting contrary to his religious

3

beliefs or exerted substantial pressure on him to modify his behavior and violate his beliefs. Plaintiff does not allege that he was denied a sincerely held religious belief. Plaintiff alleges he was denied his pentagram and bible which contains his prayers. But Plaintiff merely states that because other religions are allowed to have books in the jail, he should be allowed to have access to a Satanic Bible. Because Plaintiff has not shown "more than an inconvenience" to the exercise of his religion, he fails to state a cognizable First Amendment claim. *See Ohno*, 723 F.3d at 1011.

Plaintiff's claim against Sgt. West for the cell search fails for the same reasons. Plaintiff does not explain how denying him the religious materials coerced him into acting contrary to his religious beliefs or exerted substantial pressure on him to modify his behavior and violate his beliefs. Plaintiff has failed to allege facts establishing that the Defendants substantially burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith. Plaintiff has been unable to cure this deficiency.

**RLUIPA**

A prisoner's ability to freely exercise his religion is also protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, ... unless the government demonstrates that imposition of the burden on that person ... is in furtherance of a compelling governmental interest ... and is the least restrictive means of furthering that ... interest." 42 U.S.C.A. § 2000cc-1(a). "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.' " *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124 (9th Cir. 2013); 42 U.S.C. § 2000cc-5(7).

As with the First Amendment, under the RLUIPA, the government imposes a "substantial burden" on a prisoner when it puts "substantial pressure on [him] to modify his behavior and to violate his beliefs." *Hartmann*, 707 F.3d at 1125 (citation omitted). RLUIPA is more protective than the First Amendment, in that the availability of alternative means of practicing religion is irrelevant to whether the Act has been violated. *See Holt v. Hobbs*, 135 S. Ct. at 862. With RLUIPA, the " 'substantial burden' inquiry asks whether the government has substantially

1 burdened religious exercise ..., not whether the RLUIPA claimant is able to engage in other forms
2 of religious exercise." *Id.*

3     Money damages are not available under RLUIPA against the state or state officials sued in
4 their official capacities, *Sossamon v. Texas*, 563 U.S. 277, 279 (2011), and RLUIPA does not
5 contemplate liability of government employees in their individual capacity. *Wood v. Yordy*, 753
6 F.3d 899, 904 (9th Cir. 2014). Thus, a RLUIPA claim may proceed only for declaratory or
7 injunctive relief against defendants acting within their official capacities.

8     To the extent that Plaintiff sues each of the individual defendants in their individual
9 capacity for violation of RLUIPA, RLUIPA does not authorize Plaintiff's claim against the
10 individual defendants in their individual capacities. *See Wood*, 753 F.3d at 904.

11 **Declaratory Relief**

12     To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A
13 declaratory judgment, like other forms of equitable relief, should be granted only as a matter of
14 judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*,
15 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful
16 purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and
17 afford relief from the uncertainty and controversy faced by the parties." *United States v.*
18 *Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns
19 a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional
20 rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is
21 unnecessary.

22 **Injunctive Relief**

23     Insofar as Plaintiff seeks injunctive relief against officials, any such request is now moot
24 because Plaintiff is no longer housed at that facility. *See Andrews v. Cervantes*, 493 F.3d 1047,
25 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon
26 transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding
27 claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been
28 moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

1    Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of
2 the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief
3 [sought] is narrowly drawn, extends no further than necessary to correct the violation of the
4 Federal right, and is the least intrusive means necessary to correct the violation of the Federal
5 right."  In cases brought by prisoners involving conditions of confinement, any injunction "must
6 be narrowly drawn, extend no further than necessary to correct the harm the court finds requires
7 preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C.
8 § 3626(a)(2).  Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction
9 that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious'
10 about issuing a preliminary injunction and should not grant such relief unless the facts and law
11 clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434,
12 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th
13 Cir. 1984).

### IV.    Conclusion

15    For the reasons discussed, the Court finds that Plaintiff's first amended complaint fails to
16 state a cognizable claim for relief.  Despite being provided with the relevant pleading and legal
17 standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to
18 amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).
19    Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a
20 District Judge to this action.
21    Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure
22 to state a cognizable claim upon which relief may be granted.
23    These Findings and Recommendations will be submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within
25 **fourteen (14) days** after being served with these Findings and Recommendations, the parties may
26 file written objections with the court.  The document should be captioned "Objections to
27 Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**
28 **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

**number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 27, 2025**          /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE